UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 13-10111-DJC

UNITED STATES OF AMERICA

v.

HARRY PARSONS

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

Boal, M.J.

The defendant, Harry Parsons, is charged in an indictment with conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). An initial appearance was held on April 22, 2013, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142 (f)(1)(B) (defendant is charged with an offense for which the maximum sentence is life), (f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), and (f)(2)(A) (risk of flight).

The court held a detention hearing on June 3, 2013.[1] The government called one witness, DEA Agent Carl Rideout, and introduced four exhibits into evidence. The Court adjourned the hearing until June 4, 2013 for completion of the Pretrial Services Report, at which time the parties presented oral argument. The Court considered the evidence submitted at the hearing, the parties' arguments, and also a Pretrial Services Report that recommended release to an in-patient drug treatment program.

---

[1] The detention hearing was originally scheduled for May 2, 2013. At the defendant's request, the detention hearing was postponed twice.

I. FACTS

The government alleges that Parsons and co-defendants Francisco Monteiro and Manuel Lopes conspired to distribute heroin from at least March 2012 until March 1, 2013 in New Bedford, Massachusetts. The government also alleges that on or about February 15, 2013, Parsons facilitated a transaction at his home whereby a cooperating witness purchased 97 grams of heroin from an unknown male.

II. ANALYSIS

A. Legal Standard

Under the Bail Reform Act, a defendant may only be detained pending trial if the Government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The Government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger and flight arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk. United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by* United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government. Jessup, 757 F.2d at 381.

B.   Defendant's History And Characteristics

Parsons is 26 years old. He was born in New Bedford, Massachusetts and is life-long resident of Massachusetts.

Parsons is married and has a child, age 1, with his wife. He also has a child, age 5, from a former relationship. He lives with his wife and children. Parsons' mother and father live in Massachusetts. He also has a brother, who lives with their mother.

Parsons reported that from approximately age 15 until the time of his arrest he was working for a roofing company "under the table."

Parsons has a substance abuse problem. Parsons' criminal history includes a conviction

for a drug trafficking offense. He was on pretrial release for state drug charges (marijuana) at the time of his arrest in this case.

        C.        Nature Of The Offense; Weight Of The Evidence

The government alleges that Parsons was involved in a conspiracy to distribute heroin and that he facilitated the sale of approximately 97 grams of heroin on or around February 15, 2013. The evidence against him appears strong.

        D.        Risk Of Flight

Parsons appears to have strong ties to the community. Despite being aware that he was likely to be indicted in this case, he did not flee the District. However, he does have a history of defaults and he was arrested for the instant offense while on pretrial release.

        E.        Dangerousness

Parsons does not appear to have a history of violence, other than an assault and battery case when he was a juvenile, approximately 9 years ago.

        F.        Proposed Conditions Of Release And Assessment Of All Factors

Although Parsons has a history of defaults and was arrested for this offense while on pretrial release for state drug charges, he has significant ties to the community and does not appear to have a history of violence. It does appear that he has a significant substance abuse problem and, in the opinion of Pretrial Services, is in serious need for drug treatment, which he has never had before and desires. Accordingly, it is ORDERED that the defendant be released to an inpatient substance abuse treatment facility, but be DETAINED pending the availability of such a program. Pretrial Services shall inform the court when a suitable inpatient substance abuse facility becomes available, at which time the court will hold a release hearing. At that

time, the court will hear from the parties regarding the other conditions of release proposed by

Pretrial Services and any other conditions that the parties would like the court to consider.

                                               /s/ Jennifer C. Boal
                                                JENNIFER C. BOAL
                                                United States Magistrate Judge

Date: June 6, 2013